# 991-15

ORIGINAL

## IN THE COURT OF CRIMINAL APPEALS
## AUSTIN TEXAS

RONALD FAY SCHERMERHORN
    Appellant
    V.S.

NUMBER   PD-0991-15

THE STATE OF TEXAS
    Appellee

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 14 2015

Abel Acosta, Clerk
FILED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

ON PETITION FOR DISCRETIONARY REVIEW FROM THE
DECISION OF THE EIGHTH DISTRICT COURT OF APPEALS
AT EL PASO TEXAS IN CAUSE NO. 08-13-00236-CR
AFFIRMING APPELLANT'S CONVICTION AND SENTENCE
IN CAUSE No. 1323955R, HON. DAVID CLEVELAND
PRESIDING, SITTING FOR, HON. MIKE THOMAS, FROM
NUMBER FOUR DISTRICT COURT OF TARRANT COUNTY TEXAS.

## APPELLANTS PETITION FOR DISCRETIONARY REVIEW

Comes now, Pro Se Appllant Ronald Fay Schermerhorn filing
This Pro Se petition for Discretionary Review, Pursuant to
Rule 68 of the Texas Rules of Appellate procedures

# TABLE OF CONTENTS

Index of Authorities      II

Statement Regarding Oral Argument      III

Statement of the Case      III

Statement of Procedural History      IV

Grounds for Review - Question Presented      1

Argument      1-4

Recap of Appellants Brief      5-8

Prayer      9

# INDEX OF AUTHORITIES

PAGE

Alejandro V. State
493 S.W. 2d 230 (Tex Crim App 1973) ........ 6

Burke V. State
652 S.W. 2d 788 (Tex Crim App 1983) ........ 6

Compton V. State
607 S.W. 2d 246 (Tex Crim App 1980) ........ 6

Davis V. State
506 S.W. 2d 909 (Tex Crim App 1974) ........ 6

Freeman V. State
340 S.W. 3d 717, 728-29 (Tex Crim App 2011) ........ 4

Hawkins V. State
135 S.W. 3d 72, 84 (Tex Crim App 2004) ........ 3

Jackson V Virginia
443 US 307, 99 CT 61 L. Ed 2d 560 (1979) ........ 4

Johnson V. State
604 S.W. 2d 128 (Tex Crim App 1980) ........ 7

|  | PAGE |
|---|---|
| Jones V State<br>641 S.W. 2d 545 (Tex Crim App 1982) | 6 |
| Lincoln V State<br>508 S.W. 2d 635 (Tex Crim App 1974) | 6 |
| Martinez V State<br>17 S.W 3d 677, 692-93 (Tex Crim App 2000) | 4 |
| Mauldin V State<br>628 S.W. 2d 793 (Tex Crim App 1983) | 6 |
| Mosley V State<br>983 S.W. 2d 249, 259 (Tex Crim App 1998) | 8 |
| Threadgill V State<br>146 S.W. 3d 654, 666-67 (Tex Crim App 2004) | 8 |
| Whiting V State<br>797 S.W. 2d 45 (Tex Crim App 1990) | 7 |

# STATEMENT REGARDING ORAL ARGUMENT

This case has issues that need to be addressed and oral araument would be benificial

# STATEMENT OF THE CASE

Appellant, Ronald Fay Schermerhorn, A first time offender, was convicted of the offense of Continuious Sexual Assult of a child by a Tarrant County Jury. The abuse, according to the complaintant -- who is mentaly challenged -- alegeoledly occured over many occassions, over a long period of time. Defense counsel challenged those alegations questioning whether the State had met its high burden of proof, noting that this is a one witness case with uncorroborated, inconsistant testimony, no physical evidence other than that contrary to sexual abuse, and evidence of coercion. The same Jury sentenced Ronalol Fay Schermerhorn to confinement for life. RR VOL 3 pg 164-165; VOL 4 pg 102. This Appeal stems from an improper ruling and statement made during the State's Jury argument at the guilt-innocence phase of the trial.

# STATEMENT OF PROCEDURAL HISTORY

Trial began on July 9, 2013 and following conviction, Appellant was sentenced on the following day to confinement for Life, without parole in the Institutional Division of the Texas Department of Criminal Justice. RR, Vol 4 pg 102. Notice of Appeal was timely given on July 10, 2013 CR Vol 1 pg 96 following two extensions of time granted by the Court. Appellant was affirmed by the Court of Appeals on July 01, -2015. The 8th Appeals Court Memorandum Opinon was recieved in an un-timely manner by Appellant on July, 14- -2015. The Courts Opinion was sent by Appellant's Court Appointed Attorney, Brian Salvant on July 10, 2015 accompianied with a letter from him dated July 2, 2015 VIA Certified mail number 7014 2120 0001 2470 2162, recieved by the Mark Stiles Unit on July 13, 2015 and delivered to Appellant on July 14, 2015.

Motion for Rehearing and En-Banc Reconsideration were mailed 6 days after recipt of the Courts Opinion on July 20, 2015. Both documents clearly stated and showed Just Cause for the delay in submission, however they were still not accepted and declared Untimely on July 24th and July 28, 2015 respectfully.

IV

## GROUNDS FOR REVIEW

Did the Court of Appeals error in evaluating the issue that the Trial Court errored in over ruling the objection to the States Jury Argument?

---

## ARGUMENT

The Court of Appeals, in their Opinion did not deny that the Trial Court was in error in its ruling, However it did state that the error was HARMLESS. The Court of Appeals concluded its opinion by stating "given the brevity of the prosocutors comments, the lack of prejudice and the Strength of the Evidence supporting Appellants conviction we conclude that that any error associated with the prosecutors comment was "Harmless" See pg 5 Courts Opinion.

    Appellant respectfully disagrees for the following reasons. First, it must be stated that the Uncorroborated testimonial evidence in Appellants case was by no means Strong, but Weak and Contradictive. If the case had been evaluated by the Jury without bias, the only reasonable verdict would have been Not Guilty.

1

All Testimony offered at trial against Appellant was also contradicted by physical evidence obtained thru a genitalia examination, namely that Tessa's hymen was not scared, streched or broken but infact, Her medical exam was "absolutely normal" with No Evidence of Sexual Assult. It is only Reasonable, that if Tessa had been Sexually Assulted by Appellant numerous times by penetration, her hymen and or cervix would have been damaged to some degree, not that of a teenage virgin. The Court of Appeals must not have taken this into consideration, or they completely over-looked it, as did the jury. This evidence certainly cast doubt on the conviction. Moreover, where evidence is weak, the determination as to whether a error is Harmfull or Harmless is dramaticly changed. Since Appellant is stating that the evidence is weak, Contraray to the opinion of the Appeals Court, he is also stating that the error was Harmfull and affected the Appellants substantiel rights guarenteed under the U.S and Texas Constitutions.

The error was Harmfull due to the fact of the Impression received by the jury on the trial Judge's pause in ruling against Appellant. It had to be obvious that the Trial Judge was incorrect on his ruling since

2

the prosocutor immediately corrected himself after the Judges incorrect and improper ruling![1] (See RR Vol 3 pg 150) The prosocutor doing damage control where the damage was already done. (see Hawkins V State); 135 S.W. 3d 72, 84 (Tex Crim App 2004) "a prosocutors self-corrective action might not carry the same weight as a Trial Courts Instructions to disregard". The Jury however not having the benifit of correctional instructions to 'Disregard prosocution's last statement' by the Trial Judge would have definatly left the Jury conflicting as well as confusing impressions. The Jury must have thought to them--selves, What happened here? The Judge has not said or instucted us on any of the defenses objections. does the judge Know something we dont? Did the defendant prove his innocense? was he suppose to? we did say yesterday that we would like to hear his side, but we didnot. maybe with all this he is guilty.

Imppressions are powerful motivators on the decessions we make as human beings on a daily basis.

[1] Incorrect; Improper or Incomplete rulings are abundant throughout. Some Objections not ruled on; no Corrective Jury Inst given See RR VOL 3 pg's 30+31 no jury Inst; 61 no ruling or Jury Correction; 69-17 no ruling then 69-24 overruled; 88-25 to 89-2 no jury Instructions; 115-18 to 21 overruled Hearsay (Incorrect Ruling); 141 5-19 object due to outside expertise—overruled - Reobjected urged—no ruling no jury-instructions; 146+147 exposte facto denied, even after prosocution stated her alleged date was based on when statue went into 'play; contray To the law written.

3

By the Judge leaving this negative impression towards Appellant in his improper ruling, It can not be said that this error did not substancialy harm Appellant.

Appellant would state that the Court of Appeals review of this case under the Freeman and Martinez standard of substantial rights was incorrect. (See _Freeman V. State_, 340 S.W. 3d 717, 728-29 (Tex Crim App 2011); _Martinez V. State_ 17 S.W. 3d 677, 692-93 (Tex Crim App 2000). The Court would, in Appellat's, opinion have been better served in reviewing this case under (Jackson v Virgnia; 443 US 307. 99 ct, 61L, Ed 2d 560 1979)

4

# RECAP OF APPELLANT'S BRIEF PRESENTED

The improper ruling occured during the State's Jury argument at the Guilt-Innocence phase of the Trial:

[Prosecutor]: If you, First of all, find and believe beyond a reasonable doubt that the Continuous Sexual Abuse did not occur, you must, as the instructions tell you, first to ---

[DEfense Counsel]: Your Honor, I have to object to that statement. If they believe beyond a reasonable doubt that the Sexual abuse did not occur, that shifts the burden to the defense, your Honor, we would object to that phrase.

[The Court]: Overruled

(See RR. Vol 3 pg 150 - emphasis added)

The Trial Court ruling was incorrect, went to the heart of the Appellants defense, and was outside all permissible areas of argument. It is well settled that the scope of proper jury argument is limited to: (1) Summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to the argument of opposing counsel; (4) pleas for law enforcement.

Compton V State, 607 S.W. 2d 246 (Tex Crim App 1980);
Alejandro V State 493 S.W 2d 230 (Tex Crim App 1973);
It is not error for the State to quote or paraphrase the
jury charge, even if the jury charge presents a
negative instruction to the panel, Jones V State, 641
S.W. 2d 545 (Tex Crim App) 1982). However it is error for the
State to present a statement of the law that is contrary
to that presented in the charge to the jury. Burke V State,
652 S.W. 2d 788 (Tex Crim App 1983); Mauldin V State, 628
S.W. 2d 793 (Tex Crim App 1982); Lincoln V State, 508 S.W. 2d
635 (Tex Crim App 1974); Davis V State, 506 S.W. 2d 909
(Tex Crim App 1974). In Burke, Supra, the prosecutor misstated
The law of self-defense, as applied to the facts of the case.
Reversing the judgement of the Appeals Court which had
affirmed the conviction, the Court of Criminal Appeals
ruled that the prosecuters remark was not only erroneous
but "so manifestly improper under the circumstances,
to require the reversal of the judgement" Id at 791.
As in the instant case, the State had shifted the burden
of proof without correcting the misstatement of the
law at the time. The Trial Courts correctly worded
instruction in the jury charge was considered insufficent
to overcome the irreparable harm to the Appellant. Id.

Here, the misstatement of the law directly impacted upon the jury's perception of the burden to which the State was to be held before a verdict of guilty could be returned against Appellant. While it is true the State could properly rely on the panel's "promise" elicited during voir dire to hold the State to no higher burden than required, the prosecutor was also under a duty to argue the case in terms of the charge that was given or at least not to mistate their burden of persuasion with regard to a defensive theory presented. <u>Whiting V State</u>, 797 S.W. 2d 45 (Tex Crim App 1990). As in Whiting – which is virtually directly on point with the error made in this case, this court should hold there was error introduced by the States misstatement of the burden of proof on the issue and such error was timely preserved by defense counsel's specific objection during final argument. See and compare <u>Johnson V State</u>. 604 S.W. 2d 128 (Tex Crim App 1980).

There are three factors reviewing Courts must consider when assessing the impact of harm arising from Jury argument error: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instructions by the judge);

7

and, (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). Mosley V State, 983 S.W. 2d 249, 259 (Tex Crim App 1998); Threadgill V State 146 S.W. 3d 654, 666-667 (Tex Crim App 2004); The first two factors clearly weigh in Appellants favor, and it is difficult to judge the certainty of conviction given the weight the jurors could have given to the Complaint's age, impaired mental status, and contradictory testimony at the time of the trial.

Appellant respectfully disagrees with the Court of Appeals descision in this case and asks this Court to review the issue at hand again and render a Judgement in Appellant's favor.

Respectfully Submitted

Ronald Fay Schermerhorn
01869323 - Stiles Unit
3060 FM 3514
Beaumont TX   77705

8

# PRAYER

Wherefore, Appellant has shown both Error and the substancial Harm that was created and enhanced by the improper ruling set forth above, Appellant Prays that this Court Reverse and Remand this case and the Judgement of the lower Court, Vacate Appellant's sentence and for any other relief the Court deems appropriate.

Wherefore, Premises Considered;

Respectfully
Submitted
Ronald Fay Schermerhorn
01869323 Stiles Unit
3060 FM 3514
Beaumont TX 77705

Submitted this date Sept, 09, 2015
Certified mail 7014 2120 0003 5006 5970

9



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RONALD FAY SCHERMERHORN, | § | No. 08-13-00236-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court Number Four |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC#1323955R) |
| | § | |

## O P I N I O N

Appellant Ronald Fay Schermerhorn was found guilty of continuous sexual abuse of a young child and sentenced to life in prison. Appellant raises one issue on appeal, complaining the trial court erred in overruling his objection to the State's jury argument. We conclude the error was harmless and affirm.[1]

## BACKGROUND

The jury charge submitted this case on the primary offense of continuous sexual abuse of a young child and on the lesser-included offenses of aggravated sexual assault of a child and indecency with a child by contact. After instructing the jury on the offense of continuous sexual

---

[1] This case was transferred to this Court from the Second Court of Appeals in Fort Worth, and we apply the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

abuse of a young child, the charge instructed the jury under what circumstances it could consider the lesser-included offense of aggravated sexual assault of a child:

> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of Continuous Sexual Abuse of a Child and proceed to consider whether the defendant is guilty of the lesser-included offense of Aggravated Sexual Assault of a child.[2]

This instruction properly informed the jury that: (1) it should acquit Appellant of continuous sexual abuse of a child unless it found beyond a reasonable doubt, or if it had a reasonable doubt, that Appellant committed the offense; and (2) if so, it was to consider whether Appellant was guilty of the lesser-included offense of aggravated sexual assault of a child.

In attempting to explain these instructions to the jury in final argument, however, the prosecutor stated:

> There is [sic], on about Page 4, a series of instructions, what we call lesser-included offenses.... [A]s the Court makes clear here, these, what we call lesser-includeds, the other verdicts below the first one are the place for you to manifest that. *If you, first of all, find and believe beyond a reasonable doubt that the continuous sex abuse did not occur, you must, as the instructions tell you, first to* – [emphasis added].

Defense counsel immediately objected, arguing that by telling the jury "[i]f they believe beyond a reasonable doubt that the sexual abuse did not occur," the State had shifted the burden of proof to the defense. The trial court overruled the objection. The prosecutor then immediately corrected his misstatement:

> Unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of continuous sex abuse and proceed to consider whether the Defendant is guilty of the lesser-included offense

---

[2] The jury was also instructed on the lesser-included offense of indecency with a child by contact: "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of Aggravated Sexual Assault of a child and proceed to consider whether the defendant is guilty of the lesser-included offense of Indecency with a Child by contact."

2

of aggravated sexual assault of a child. You first deliberate on the continuous. Unless you -- if you find beyond a reasonable doubt there, stop. If you find beyond a reasonable doubt or you -- if you find -- unless you find or you have a reasonable doubt thereof, then you move on to the lessers.

## DISCUSSION

In a single issue, Appellant complains the trial court erred in overruling his objection because the State's comment "improperly inverted the burden of proof in the case." Appellant notes that it is error for the State to present a statement of law that is contrary to that presented in the jury charge. *See Whiting v. State*, 797 S.W.2d 45, 48 (Tex.Crim.App. 1990) (while it is not error for the State to quote or paraphrase the jury charge, "it is error for the State to present a statement of the law that is contrary to that presented in the charge to the jury"); *see also Slater v. State*, No. 02-11-00368-CR, 2013 WL 2631194, at *4 (Tex.App. – Fort Worth June 13, 2013, pet. ref'd) (mem. op., not designated for publication). The State contends any error was harmless. We agree the error was harmless.

It is clear that the prosecutor both misstated the law and made a comment that was contrary to the court's charge. *See Whiting*, 797 S.W.2d at 48; *Burke v. State*, 652 S.W.2d 788, 790 (Tex.Crim.App. 1983); *Grant v. State*, 738 S.W.2d 309, 311 (Tex.App. – Houston [1st Dist.] 1987, pet. ref'd); *see also Slater*, 2013 WL 2631194, at *4. And, by overruling the defense's objection, the trial court put its stamp of approval on the prosecutor's misstatement of the law. *See Griffin v. State*, 779 S.W.2d 431, 434 (Tex.Crim.App. 1989); *Burke*, 652 S.W.2d at 790.

Our inquiry does not end here, however. Improper argument error of this type is non-constitutional in nature, and a non-constitutional error "that does not affect substantial rights must be disregarded." TEX.R.APP.P. 44.2(b); *Freeman v. State*, 340 S.W.3d 717, 728-29 (Tex.Crim.App. 2011); *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex.Crim.App. 2000). To

3

determine whether appellant's substantial rights were affected, we balance the severity of the misconduct (i.e., the prejudicial effect), any curative measures, and the certainty of conviction absent the misconduct. *Freeman*, 340 S.W.3d at 728; *Martinez*, 17 S.W.3d at 692–93; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998).

The prosecutor's comment was a very small portion of the State's entire closing argument at the guilt phase. The State did not emphasize the comment. In fact the prosecutor – apparently recognizing his mistake – immediately corrected himself and properly told the jury that "[u]nless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of continuous sex abuse and proceed to consider whether the Defendant is guilty of the lesser-included offense of aggravated sexual assault of a child." Viewing the State's closing argument as a whole, we cannot conclude that there was a willful and calculated effort to deprive Appellant of a fair and impartial trial. *See Brown v. State*, 270 S.W.3d 564, 572-73 (Tex.Crim.App. 2008) (in evaluating the severity of the misconduct, we assess whether the jury argument is extreme or manifestly improper by looking at the entire record of final arguments to determine if there was a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial).

Further, viewing the record as a whole, we cannot conclude that Appellant was prejudiced by the prosecutor's comment. There was no curative instruction given because the trial court overruled the objection. The prosecutor, however, immediately corrected himself, thereby mitigating any harmful effect of his misstatement. *See Hawkins v. State*, 135 S.W.3d 72, 84 (Tex.Crim.App. 2004) ("Although a prosecutor's self-corrective action might not carry the same weight as a trial court's instruction to disregard, it is nevertheless a relevant consideration in

4

determining harm and can, in the appropriate circumstances, render an improper comment harmless."); *see also Walker v. State*, No. 14-10-00389-CR, 2011 WL 977534, at \*8 (Tex.App. – Houston [14th Dist.] March 22, 2011, pet. ref'd) (mem. op., not designated for publication) (prosecutor's misstatement of law concerning lesser-included offense harmless where prosecutor corrected herself).

And, the trial court's charge properly instructed the jury that, if the State failed to prove beyond a reasonable doubt that Appellant committed continuous sexual abuse, it should consider the lesser-included offenses. The jury is presumed to have followed the trial court's instructions. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex.Crim.App. 2005). Given this presumption, it is unlikely that Appellant could have been harmed by the prosecutor's comment. *See Hawkins*, 135 S.W.3d at 84 (discussing importance of fact that charge accurately instructed jury on the law); *see also Lee v. State*, 971 S.W.2d 130, 131-32 (Tex.App. – Houston [14th Dist.] 1998, pet. ref'd) (in an almost identical case, prosecutor's misstatement of burden of proof with regard to lesser-included offense was harmless where charge accurately set out the law).

Moreover, the evidence presented during the guilt phase showed clearly that Appellant sexually abused the child over a period of time such that any misstatement about lesser-included offenses and the burden of proof could not have affected the jury. *See Walker*, 2011 WL 977534, at \*9 (misstatement of law concerning lesser-included offenses was harmless where evidence overwhelmingly showed defendant committed greater offense).

Given the brevity of the prosecutor's comments, the lack of prejudice, and the strength of the evidence supporting Appellant's conviction, we conclude that any error associated with the prosecutor's comment was harmless. Appellant's sole issue is overruled.

5

## CONCLUSION

The trial court's judgment is affirmed.

STEVEN L. HUGHES, Justice

July 1, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RONALD FAY SCHERMERHORN, | § | No. 08-13-00236-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court Number Four |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC#1323955R) |
| | § | |

## J U D G M E N T

The Court has considered this cause on the record and concludes there was no error in the judgment. We therefore affirm the judgment of the court below. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 1ST DAY OF JULY, 2015.

STEVEN L. HUGHES, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.